# In the United States Court of Federal Claims

No. 19-1234T
(Filed:  August 28, 2019)

```
*************************************
GORDON PEKRUL,                      *
                                    *
              Plaintiff,            *
                                    *
       v.                           *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
*************************************
```

Pro Se Plaintiff; Tax; Liens; Tax Court; Garnishment; Jurisdiction; Sua Sponte Dismissal

Gordon Pekrul, Scottsdale, AZ, pro se.

## OPINION AND ORDER

**SWEENEY**, Chief Judge

This case arises out of pro se plaintiff Gordon Pekrul's complaint concerning liens filed by the Internal Revenue Service ("IRS") and the related garnishments of his social security payments.  Specifically, Mr. Pekrul alleges that the IRS lacked jurisdiction to place the liens and garnish his payments.  The court, for the reasons discussed below, dismisses the complaint for lack of jurisdiction sua sponte.

## I.  BACKGROUND

### A.  Statutory and Regulatory Context

A United States citizen or resident with gross income above a certain amount in a taxable year is generally subject to tax and must file a tax return for that year.  I.R.C. § 6012(a)(1) (2012).  The IRS has several tools at its disposal to collect unpaid taxes.  There is an automatic statutory lien on all real and personal property of a delinquent taxpayer in the amount of any taxes that remain unpaid after the IRS issues a notice and demand for payment of such taxes.  Id. § 6321.  After establishing a tax lien, the IRS may then levy upon the delinquent taxpayer's property (whether or not a public notice of such lien is filed) by seizing and selling property or by garnishing wages.  Id. § 6331(a)-(b); see also Treas. Reg. § 301.6331-1(a)(1) (2018) ("Levy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy, including receivables, bank accounts, evidences of debt, securities, and salaries, wages, commissions, or other compensation.").

Received - USDC

AUG 2 8 2019

## B. Factual History

Between September 2008 and November 2012, the IRS issued three Notices of Federal Tax Lien against Mr. Pekrul to recover unpaid tax assessments and penalties related to tax years 2002 through 2007.[1]  On May 18, 2015, the Social Security Administration ("SSA") sent a letter to Mr. Pekrul informing him that the SSA withheld $1090 from his monthly social security payment to pay his debt to the IRS and would continue to do so each month until his debt was satisfied.

On May 31, 2018, Mr. Pekrul filed a petition in the United States Tax Court ("Tax Court") challenging the IRS's assessments of his taxes for tax years 2000 through 2017. Specifically, he asserted that he never received a Notice of Deficiency or a Notice of Determination Concerning Collection Action for those years.  The respondent in that case, the Commissioner of Internal Revenue ("Commissioner"), moved to dismiss the petition on the basis that the Tax Court lacked jurisdiction over the petition.[2]  Mr. Pekrul subsequently informed the Tax Court that he did not object to the Commissioner's motion.  The Tax Court granted the unopposed motion on December 18, 2018, and dismissed the case for lack of jurisdiction.

On August 19, 2019, Mr. Pekrul filed his complaint in this court challenging the propriety of the IRS collecting his assets.  Relying on the Tax Court's order, he alleges that the liens and related garnishments are improper because the IRS lacks jurisdiction to collect his assets.  He requests that the court award him $9,721,832.93 in damages; his damages reflect what he states is the value of the liens ($9,682,592.93) and garnishments ($39,240.00).

---

[1] The facts in this section are derived from the complaint (including attached exhibits), and matters of which the court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence.  See Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325-26 (Fed. Cir. 2016).

[2] The Commissioner argued in its motion that the Tax Court lacked jurisdiction over the petition because (1) Mr. Pekrul failed to timely contest the IRS's deficiency determination with respect to tax years 2002 through 2006; (2) the IRS did not issue to Mr. Pekrul a Notice of Deficiency for tax years 2000, 2001, and 2007 through 2017; (3) the IRS did not issue to Mr. Pekrul a Notice of Determination for tax years 2000 through 2017; and (4) Mr. Pekrul failed to identify any other basis for jurisdiction.  See I.R.C. §§ 6213(a) (requiring that a petitioner contest a deficiency determination within ninety days after the notice of deficiency is mailed), 6330(d)(1) (requiring that a petitioner contest the IRS's decision to levy within ninety days of the Notice of Determination); see also Ghani v. Comm'r, 354 F. App'x 333, 334 (10th Cir. 2009) ("The Tax Court properly concluded that it lacked jurisdiction because [the petitioner] was never issued a Notice of Deficiency or a Notice of Determination.").

## II.  LEGAL STANDARDS

### A.  <u>Pro Se</u> Plaintiffs

<u>Pro se</u> pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). However, the "leniency afforded to a <u>pro se</u> litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." <u>Minehan v. United States</u>, 75 Fed. Cl. 249, 253 (2007); <u>accord</u> <u>Henke v. United States</u>, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted <u>pro se</u> in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a <u>pro se</u> plaintiff is not excused from his burden of proving, by a preponderance of evidence, that the court possesses jurisdiction.  <u>See</u> <u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178, 179 (1936); <u>Banks v. United States</u>, 741 F.3d 1268, 1277 (Fed. Cir. 2014).

### B.  Subject Matter Jurisdiction

In determining whether subject matter jurisdiction exists, the court generally "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." <u>Trusted Integration, Inc. v. United States</u>, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  However, the court is not limited to the pleadings in considering subject matter jurisdiction.  <u>Banks</u>, 741 F.3d at 1277; <u>Pucciariello v. United States</u>, 116 Fed. Cl. 390, 400 (2014).  Further, the court has no subject matter jurisdiction over frivolous claims.  <u>Moden v. United States</u>, 404 F.3d 1335, 1340-41 (Fed. Cir. 2005).  For example, there is no subject matter jurisdiction over claims that are "so insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit as not to involve a federal controversy." <u>Id.</u> at 1341 (internal quotation marks omitted); <u>see also</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . .").  The court may raise the issue of subject matter jurisdiction at any time <u>sua sponte</u>.  <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 506 (2006).  If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

## III.  ANALYSIS

Mr. Pekrul asserts that the IRS is illegally collecting his assets.  The Internal Revenue Code permits taxpayers to bring lawsuits when "any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code], or any regulation promulgated [thereunder]" in connection with federal tax collection. I.R.C. § 7433(a).  However, such actions may only be brought in federal district court.  <u>Id.</u>  Since the United States Court of Federal Claims ("Court of Federal Claims") is not a federal district court, <u>Ledford v. United States</u>, 297 F.3d 1378, 1382 (Fed. Cir. 2002), Mr. Pekrul cannot maintain his illegal collection claim here.  <u>Accord</u> <u>Russell v. United States</u>, 78 Fed. Cl. 281, 287 (2007).

Mr. Pekrul also implicitly invokes I.R.C. § 7426 as a basis for this court's subject matter jurisdiction. Under that section, a person whose property is wrongfully levied may bring an action against the federal government to contest the levy. I.R.C. § 7426(a)(1). However, such an action may only be brought in federal district court. Id. Therefore, the Court of Federal Claims lacks subject matter jurisdiction to entertain a wrongful levy action. Further, wrongful levy actions may only be maintained by persons "other than the person against whom is assessed the tax out of which such levy arose," id., because a wrongful levy is a levy in which the IRS seizes property that does not belong to the taxpayer, Cherbanaeff v. United States, 77 Fed. Cl. 490, 496 (2007). Here, the IRS garnished Mr. Pekrul's social security payments to offset his own tax liabilities. Therefore, he lacks standing to bring a wrongful levy action, even in federal district court. Taxpayers who seek to recover funds that were garnished to satisfy their own tax liabilities, such as Mr. Pekrul, must file a tax refund claim rather than a wrongful levy claim.

Mr. Pekrul fares no better if the court construes his complaint as containing a tax refund claim. The Court of Federal Claims has jurisdiction over requests for tax refunds provided that certain requirements are met. Ledford, 297 F.3d at 1382. Of particular import here, a plaintiff's "payment of the assessed taxes in full is a prerequisite to bringing a refund claim." Id. Mr. Pekrul has not alleged that he paid the disputed taxes in full, and his explanation that the IRS has not garnished the full amount of the liens also suggests that he has not paid the entirety of his assessed taxes. Thus, the court lacks jurisdiction over any tax refund claim.

Notwithstanding the jurisdictional defects apparent on the face of his complaint, Mr. Pekrul's complaint must also fail because it is premised on a misunderstanding of the Tax Court's decision. He asserts that the Tax Court held in its December 18, 2018 order that the IRS lacked jurisdiction (i.e., authority) to collect his assets. His characterization of the Tax Court's decision is erroneous. The Tax Court was addressing whether Mr. Pekrul satisfied the jurisdictional prerequisites to pursue his claims; the Tax Court did not, as he posits, hold that the IRS's actions were improper.[3] The Tax Court's dismissal of Mr. Pekrul's petition, therefore, has no bearing on the IRS's authority to pursue collection of his assessed taxes through liens and related garnishments.

## IV.  CONCLUSION

For the reasons explained above, the Court of Federal Claims lacks jurisdiction to entertain the claims expressly or implicitly asserted by Mr. Pekrul. Accordingly, the court **DISMISSES** Mr. Pekrul's complaint without prejudice. No costs. The clerk is directed to enter

---

[3]  Mr. Pekrul is not alone in advancing this mistaken theory. The plaintiff in Wall v. United States also argued that the Tax Court's dismissal order meant that the IRS lacked authority to place or enforce its liens. 141 Fed. Cl. 585, 589-90 (2019). Another judge on this court reached the same conclusion as the undersigned. Specifically, the judge in Wall held that that the Tax Court's dismissal order stood for the proposition that "the Tax Court lacked jurisdiction over plaintiff's petition, which was, at that time, pending before the Tax Court, not that the IRS lacked the ability to place liens on plaintiff's assets." Id. at 597.

judgment accordingly.

    **IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge